# UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **ALLAN DAVISSON**            )<br>            Plaintiff            )<br>            )<br>v.            )<br>            )<br>**STONELEIGH RECOVERY**            )<br>**ASSOCIATES, LLC**            )<br>            Defendant            ) | **Civil Case No.:**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, ALLAN DAVISSON, by and through his attorneys Jarrod Barron, PLLC, and for his complaint against the Defendant, STONELEIGH RECOVERY ASSOCIATES, LLC, and states:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of The Fair Debt Collection Practices Act (15 U.S.C. §1692, *et seq*., hereafter "FDCPA"); and Michigan Compiled Law (M.C.L.) Public Act 299 of 1980 (Michigan Occupational Code, hereafter "MOC") Article 9, M.C.L. 339.901 *et seq.*

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d); and 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue in this District is proper pursuant to 28 U.S.C. §1391.

## III. PARTIES

5. ALLAN DAVISSON (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the Township of Perry, County of Shiawassee, State of Michigan.

6. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to HSBC Bank, Nevada N.A. (hereinafter, HSBC).

7. The Debt that Plaintiff allegedly owed HSBC was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditures.

8. At all relevant times, the alleged debt was a "debt" as defined by 15 U.S.C. §1692a(5) and M.C.L. 339.901(a).

9. At all relevant times, Plaintiff was a "consumer" as defined by 15 U.S.C. §1692a(3), and M.C.L. 339.901f.

10. STONELEIGH RECOVERY ASSOCIATES, LLC, (hereinafter, "Defendant" or "SRA"), is a business engaged in the collection of debts within the state of Michigan. Defendant is registered as a limited liability company in the State of Illinois with its principle place of business in Illinois.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of their efforts to collect debts allegedly owed to third parties, Defendant sends, to alleged debtors, bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contacts with alleged debtors via various means of telecommunications, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and as a "collection agency" as that term is defined by M.C.L. 339.901(b).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

16. On or about April 25th, Plaintiff received a debt collection letter from the Defendant, dated April 22, 2011.  See Attached Exhibit 1

17. The letter states that no attorney has personally reviewed the particular circumstances of the account.

18. Plaintiff received two additional similar collection letters from Defendant, one also dated April 22, 2011 and another dated April 25, 2011.

19. At approximately 1:35 pm on April 28, 2011, Edward Goldman, a duly authorized representative of Defendant, telephoned the Plaintiff.

20. Goldman said that the Plaintiff owed $1,356.19 on an account.

21. Goldman described, to the Plaintiff, a convoluted relationship regarding the account between HSBC, Best Buy, Mastercard, Stoneleigh Recovery Associates (Defendant), NCEP LLC, and Mainstreet Acquisition.

22. The Plaintiff had not heard of most of the above-mentioned companies and this only served to confuse the Plaintiff as to Defendant's purpose of the call and its relationship to the other named companies.

23. Goldman stated that Goldman knew of Defendant's letter to Plaintiff dated April 22, 2011.

24. Goldman said that he had a copy of the Plaintiff's credit report and was aware that the Plaintiff had disputed, to the credit bureaus, the debt that Defendant was now attempting to collect.

25. Goldman asked if Plaintiff still disputed the debt and Plaintiff answered in the affirmative.

26. Goldman said that he didn't believe that the Plaintiff had a "good reason" to dispute the debt and that Plaintiff needed "to just pay it".

27. Plaintiff told Goldman that he needed verification of the debt as well as verification that Goldman and SRA had the legal authority to collect the debt, since Plaintiff didn't really understand to whom he was speaking and had not heard of most of the above-named companies.

28. Goldman said that if Plaintiff didn't pay the debt, a suit would be filed within 48 hours against the Plaintiff.

29. Goldman told the Plaintiff, "You are at the end of your rope" and that a suit would definitely be filed within 48 hours if the account wasn't paid immediately.

30. This statement by Goldman caused Plaintiff to believe that his only options were to immediately pay the Defendant or get sued within 48 hours.

31. Goldman said that once a lawsuit was filed against the Plaintiff, there would be no chance of settlement.

32. Goldman made numerous statements asking what Plaintiff was going to do to avoid an impending lawsuit.

33. Goldman advised Plaintiff to stop making his mortgage payments and pay off the alleged debt.

4

34. Goldman stated that Plaintiff had an available line of credit which should be used to pay his debt.

35. Plaintiff told Goldman that his line of credit had been closed by the lender.

36. Goldman said, "You're lying, I can see on your credit report that you have $40,000 available to you on your line of credit".

37. Plaintiff explained to Goldman that he used to have a home equity line of credit with Fifth Third Bank, but the bank had sent a letter a couple years prior cancelling the available balance due to the decline in value of the Plaintiff's home.

38. Goldman again accused the Plaintiff of lying.

39. Goldman told the Plaintiff once a lawsuit was filed, it would be too late to settle the account.

40. Goldman told Plaintiff that it would be much more expensive for the Plaintiff once a lawsuit was filed.

41. Goldman told Plaintiff that interest and additional costs would soon begin accruing on the account.

42. Goldman said it would be cheaper for the Plaintiff to settle out of court.

43. As of May 3, 2011, no lawsuit had been filed against Plaintiff regarding the alleged debt, as was threatened by Edward Goldman.

44. Defendant threatened, but did not intend to file a lawsuit.

45. Defendant's threat of filing a lawsuit was not as imminent as represented.

46. Upon information and belief, Defendant did not have the contractual authority from the alleged creditor to file or threaten to file a lawsuit against Plaintiff.

47. Upon information and belief, Defendant did not have the contractual authority from the alleged owner of the debt to file or threaten to file a lawsuit against Plaintiff.

48. Defendant did not have the legal authority to file a lawsuit against Plaintiff.

## V. COUNT I - VIOLATION OF 15 U.S.C. §1692e(5)

49. Plaintiff restates the foregoing paragraphs 1-48.

50. 15 U.S.C. §1692e states:  A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) - The threat to take any action that cannot legally be taken or that is not intended to be taken.

51. Defendant SRA, through its duly authorized agents, violated this statute by threatening to file a lawsuit against the Plaintiff within 48 hours.

52. This threat of suit was false, deceptive, misleading and was intended to harass and pressure the Plaintiff into making an immediate payment to SRA.

53. This threat of suit was false, deceptive, misleading and directly contradicted Defendant's collection letter which stated that no attorney had reviewed the alleged account.

54. Since no attorney had reviewed the particular circumstances of the alleged debt, SRA was intentionally attempting to mislead and deceive the Plaintiff when it made conclusory statements of the imminent filing of a lawsuit, the Plaintiff's post lawsuit settlement chances, as well as the additional interest, costs, and expenses that would be imputed to Plaintiff's account if he did not take immediate action to pay the alleged debt.

55. Despite Defendant's three letters of April 22, 2011 and April 25, 2011 that stated that Plaintiff had thirty (30) days to dispute the validity of the debt, Defendant's agent, Edward Goldman, insisted that the Plaintiff respond immediately, and only by way of making payment on the alleged debt.

56. Plaintiff has suffered, and continues to suffer, confusion, worry, anxiety and emotional distress which were a direct and proximate result of Defendant's actions.

6

### VI. COUNT II - VIOLATION OF 15 U.S.C. §1692e(7)

57. Plaintiff restates the foregoing paragraphs 1-48.

58. 15 U.S.C. 1692e states:  A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (7) - The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

59. Defendant SRA, through its duly authorized agents, violated this statute by falsely accusing the Plaintiff of lying about his ability to use an unavailable line of credit to pay his debts.

60. Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress, as a direct and proximate result of Defendant's actions.

### VII. COUNT III - VIOLATION OF 15 U.S.C. §1692e(10)

61. Plaintiff restates the foregoing paragraphs 1-48.

62. 15 U.S.C. 1692e states:  A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) – The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

63. Defendant SRA, through its duly authorized agents, intentionally ignored the requirements of the FDCPA, to which it must adhere.

64. By failing to comply with the FDCPA, as stated in the allegations herein, the Defendant, through its duly authorized agents, used false, deceptive and misleading means in an attempt to collect an alleged debt from the Plaintiff.

65. Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress, as a direct and proximate result of Defendant's actions.

### VIII. COUNT IV - VIOLATION OF 15 U.S.C. §1692(f)

66. Plaintiff restates the foregoing paragraphs 1-48.

67. <u>15 U.S.C. 1692f</u> states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

68. Defendant SRA, through its duly authorized agents, intentionally ignored the requirements of the FDCPA, to which they must adhere.

69. By failing to comply with the FDCPA, as stated in the allegations herein, the Defendant, through its duly authorized agents, used unfair or unconscionable means in an attempt to collect an alleged debt from the Plaintiff.

70. Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress, as a direct and proximate result of Defendant's actions.

### IX. COUNT V - VIOLATION OF 15 U.S.C. §1692g(b)

71. Plaintiff restates the foregoing paragraphs 1-48.

72. <u>15 U.S.C §1692g(b)</u> states that if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) **that the debt, or any portion thereof, is disputed**, or that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt** or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt** or request the name and address of the original creditor. [Emphasis added].

73. Defendant SRA, through its duly authorized agents, admittedly, had prior written knowledge of Plaintiff's dispute of the alleged debt.

74. Additionally, Defendant's agent Goldman had specifically asked Plaintiff if the debt was disputed, to which the Plaintiff said that it was, thereby reinforcing the dispute of which Defendant was already aware.

75. Defendant ignored Plaintiff's dispute of the alleged debt and continued its collection efforts without obtaining the required verification of the debt, in violation of the FDCPA.

76. Defendant's threat of imminent lawsuit significantly overshadowed Plaintiff's right to dispute the alleged debt.

77. Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress, as a direct and proximate result of Defendant's actions.

## X. COUNT IV – VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

78. Plaintiff restates the foregoing paragraphs 1-48.

79. M.C.L. §339.915 states that: - A licensee shall not commit one or more of the following acts: (a) Communicating with a debtor in a misleading or deceptive manner....; (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or….; (q) - Failing to implement a procedure designed to prevent a violation by an employee.

80. Defendant SRA, through its duly authorized agents, intentionally ignored the requirements of the MOC, to which they must adhere.

81. Defendant failed to comply with each of the MOC statutes, as stated in the allegations herein, and, through its duly authorized agents, used false, deceptive and misleading means in an attempt to collect an alleged debt from the Plaintiff.

82. Defendant SRA, through its duly authorized agents, violated the MOC, in part, by threatening legal action that Defendant knew it could not take or had no intention of taking.

83. The quantity and violative nature of these threats were a direct and proximate cause of great confusion, worry, and anxiety to Plaintiff.

## XI. JURY DEMAND

84. Plaintiff hereby demands a trial by jury on all issues so triable.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

    a. Declaratory Judgment that Defendant's conduct violated the FDCPA and the MOC;

    b. All actual compensatory damages suffered as a result of Defendant's actions;

    c. Statutory damages pursuant to 15 U.S.C. §1692k; [§813] of $1000;

    d. Statutory damages pursuant to M.C.L. 339.916 of $50;

    e. Plaintiff's costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k [§813]; and M.C.L. 339.916; and

    f. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,
ALLAN DAVISSON

Dated: May 10, 2011

By:   s/ Jarrod Barron
Attorney for Plaintiff
Jarrod Barron, P55353
Jarrod Barron, PLLC
1555 West Lansing Road
Morrice, MI  48857
Telephone: 517-481-3521
Facsimile: 888-532-9887
jarrodbarron@yahoo.com